**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| Jose B. Turcios-Arias )<br>3401 East West Highway )<br>Apt. 460 )<br>Hyattsville, MD 20782 )<br> )<br>Plaintiff;  )<br> )<br>v.  ) Civil No. _____<br> )<br>Mio Mechanical Corporation )<br>2020 Bennett Road )<br>Philadelphia, PA 19116 )<br> )<br><u>Please Serve:</u> )<br>Meyer Ostrobrod, President )<br>2070 Bennett Road )<br>Philadelphia, PA 19116-3020 )<br> )<br>Defendant.  ) | |

**COMPLAINT**

Plaintiff, Jose Turcios-Arias ("Plaintiff" or "Turcios"), by and through his attorneys, David Kaminow and Joseph Greenwald and Laake PA, hereby complains against the defendant, Mio Mechanical Corporation ("Defendant" or "Mio"), and, for cause, states:

1. At all times relevant hereto, Plaintiff was an adult citizen of Hyattsville, Maryland, residing at the above captioned address.

2. Defendant Mio contracts, and at all times relevant hereto contracted, to provide goods and services within the State of Maryland.

3. At all times relevant hereto, defendant Mio was a corporation organized under the laws of Pennsylvania with principal place of business in Pennsylvania, conducting and soliciting business within the state of Maryland.

4. This Court has personal jurisdiction over Defendant, who conducts business in Maryland, who sold its products for use in Maryland, and who agreed to repair a device used in Maryland.

5. This Court has subject matter jurisdiction over this case because the amount in controversy exceeds $75,000.00.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff hereby incorporates the factual allegations of paragraphs 1 through 5 as though fully set forth herein.

7. At all times relevant hereto, Plaintiff was employed by Clean and Polish Building Solutions, Inc. ("Clean and Polish"), an entity licensed to do business and doing business within the State of Maryland.

8. As part of his daily duties for Clean and Polish, Plaintiff routinely cleaned exterior windows on buildings several stories high.

9. To help ensure Plaintiff's safety, Clean and Polish used devices known as descenders, which were supposed to permit laborers to safely control their rate of descent as they cleaned windows at different levels.

10. In late 2019, Clean and Polish contracted with Mio to refurbish a descender (the "Product") originally manufactured and sold by Mio.

11. Mio did, in fact, refurbish the Product as agreed.

12. On November 30, 2019, Plaintiff, while using the Mio Product, fell approximately 3 stories and was severely injured.

## COUNT I
## NEGLIGENCE

13. Plaintiff hereby incorporates the factual allegations of paragraphs 1 through 12 as though fully set forth herein.

14. Plaintiff was, at all times relevant hereto, a foreseeable user of the Product, which was manufactured, and subsequently refurbished, by defendant Mio.

15. At all times relevant hereto, defendant Mio owed plaintiff the duty of using that degree of skill and care necessary to refurbish the Product such that it functioned properly.

16. Defendant Mio failed to comply with its duty as aforesaid.

17. As a direct and proximate result of defendant's negligence, and through no fault of his own, plaintiff was severely injured.

18. At no time was plaintiff contributorily negligent, nor did he assume the risk of his injuries.

19. As a direct and proximate result of the negligence of Mio, and through no fault of his own, Plaintiff sustained serious and permanent bodily injuries; incurred and continues to incur expenses for medical care and treatment; sustained and continues to sustain pain, suffering, discomfort, inconvenience, and the loss of the enjoyment of life; incurred and continues to incur loss of wages and wage earning capacity; incurred property damage; and was otherwise injured and damaged.

WHEREFORE, Plaintiff respectfully demands judgment against defendant Mio in an amount in excess of $75,000.00, plus interest, costs, and attorneys' fees, and for such other and further relief as me be necessary in the interests of justice.

## COUNT II
## PRODUCTS LIABILITY

20. Plaintiff hereby incorporates by reference the factual allegations of paragraphs 1 through 12 as though fully set forth herein.

21. The Product was placed into the stream of commerce by defendant Mio in a defective and unreasonably dangerous condition in that it contained a latent defect such that it did not properly control the rate of descent of the user.

22. The Product reached Plaintiff without any substantial change in its condition and was in that same condition at the time of the incident complained of herein.

23. On November 30, 2019, Plaintiff was using the Product in a foreseeable manner when he was injured as aforesaid.

24. Plaintiff's injuries occurred as a result of the defect in the Product.  Were it not for said defect, Plaintiff would not have suffered the injuries as set forth herein.

25. As a direct and proximate result of the actions of Mio, and through no fault of his own, Plaintiff sustained serious and permanent bodily injuries; incurred and continues to incur expenses for medical care and treatment; sustained and continues to sustain pain, suffering, discomfort, inconvenience, and the loss of the enjoyment of life; incurred and continues to incur loss of wages and wage earning capacity; incurred property damage; and was otherwise injured and damaged.

WHEREFORE, Plaintiff respectfully demands judgment against defendant Mio in an amount in excess of $75,000.00, plus interest, costs, and attorneys' fees, and for such other and further relief as me be necessary in the interests of justice.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By: /S/David J. Kaminow
David J. Kaminow, #12089
111 Rockville Pike, Suite 975
Rockville, MD 20850
(301) 220-2200
dkaminow@jgllaw.com

Counsel for Plaintiff

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

By: /S/ David J. Kaminow
David J. Kaminow, #9312150110
Counsel for Plaintiff