**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| JOSE B. TURCIOS-ARIAS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLS-22-02640 |
| MIO MECHANICAL CORPORATION, | * | |
| Defendant. | * | |

* * *

<u>**MEMORANDUM OPINION**</u>

Pending before this Court are: "Defendant Mio Mechanical Corporation's Renewed Motion to Dismiss with Prejudice," (ECF No. 34), and "Defendant Mio Mechanical Corporation's Second Renewed Motion to Dismiss with Prejudice," (ECF No. 37), (collectively, "Motions to Dismiss"). In the Motions to Dismiss, Defendant Mio Mechanical Corporation ("Defendant") argues that the instant case should be dismissed with prejudice because Plaintiff Jose B. Turcios-Arias ("Plaintiff") has failed to respond to discovery requests. (ECF Nos. 34, 37). To date, Plaintiff has not filed a response to the Motions to Dismiss, and the time to do so has passed. *See* Local Rule 105.2(a) (D. Md. 2023). The Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Motions to Dismiss are **GRANTED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2022, Plaintiff filed suit against Defendant claiming negligence and products liability resulting from an "approximately 3 stories" fall that occurred on November 30, 2019. (ECF No. 1). Plaintiff claims that, as a result of Defendant's negligence and failure to properly maintain equipment that he used for work, he "sustained and continues to sustain pain,

suffering, discomfort, inconvenience, and the loss of the enjoyment of life," and incurred damages. (*Id.*, pp. 3, 4).  On November 15, 2022, Defendant filed an Answer.  (ECF No. 4).

After the district judge entered a Scheduling Order in this case, this matter was referred to the undersigned for all further proceedings pursuant to 28 U.S.C. § 636(a) and with the consent of the parties.  (*See* ECF Nos. 5, 7, 9, 12).  Subsequently, per the parties' requests, the Court issued an Amended Scheduling Order.  (ECF Nos. 14, 16, 17).

On April 24, 2023, Plaintiff's counsel filed a motion to withdraw, asserting that "counsel does not believe it would be proper to continue representing the plaintiff in this matter."  (ECF No. 18).  In support of the withdrawal motion, counsel included a certification that he had notified counsel of his intent to withdraw, as required by the Local Rules.  (*Id.*).

On April 26, 2023, the Court granted the motion to withdraw upon a finding of good cause. (ECF No. 19).  In that order, the Court specifically ruled that Plaintiff was proceeding *pro se* in this action unless/until another attorney entered his/her appearance on his behalf, and that Plaintiff had an "obligation to participate in discovery as set forth in the Amended Scheduling Order."  (*Id.*). The Court further notified Plaintiff that failure to abide by orders issued by the Court "could result in adverse consequences, including the possible dismissal of his case."  (*Id.*).  The Clerk of the Court sent to Plaintiff via certified mail a copy of the order and a Local Rule 101.21 letter notice. (ECF Nos. 19, 20).

On August 8, 2023, Defendant filed a post-discovery status report.  (ECF No. 24).  In that report, Defendant represented, in pertinent part, that: (1) between May 8, 2023 and June 29, 2023, Defendant sent Plaintiff multiple "correspondences," (via U.S. mail and email) regarding outstanding discovery, however, Plaintiff never provided "any responses" to its written discovery

---

[1] In that letter, the Clerk of the Court also notified Plaintiff that he was representing himself as of that date.

requests; and (2) on August 7, 2023, Plaintiff failed to appear for his deposition.  Defendant further represented that a copy of the status report was sent to Plaintiff via U.S. mail to Plaintiff's address. (*Id.*).

On August 15, 2023, the Court issued an order directing Plaintiff to show cause, by no later than September 28, 2023, as to why the case should not be dismissed as a sanction "for his failure to participate in discovery as required by the Scheduling Order and the Federal Rules of Civil Procedure." (ECF No. 25).  In addition, the Court explicitly warned Plaintiff that failing to comply with the instant order and the Court's prior orders could constitute a separate basis for the dismissal of his case with prejudice.  The Clerk of the Court sent to Plaintiff, via certified mail, a copy of the order.  (*Id.*, p. 2).  To date, Plaintiff has failed to show cause or otherwise respond to this August 2023 order.

On October 2, 2023, Defendant filed a motion to dismiss.  (ECF No. 26).  On October 2, 2023, the Clerk of the Court mailed a notice to Plaintiff notifying him that a motion to dismiss had been filed, and that his failure to timely respond to the motion could lead to dismissal of his case. (ECF No. 27).  On October 31, 2023, Plaintiff timely filed a Response in opposition to Defendant's motion to dismiss.  Therein, Plaintiff did not directly respond to Defendant's motion to dismiss. Instead, he set forth additional factual allegations related to his fall that are not found in the Complaint.  (ECF No. 28).

On November 2, 2023, Defendant filed a Reply in support of its motion to dismiss.  (ECF No. 29).  On November 3, 2023, the Court issued an order: (1) denying Defendant's motion to dismiss as premature; and (2) ordering the parties to meet and confer, consistent with Local Rule 104.7 to try to resolve the outstanding discovery issues.  The Court also ordered the parties to

provide a Joint Status Report as to their efforts by no later than December 18, 2023.  (ECF No. 31).

On December 18, 2023, Defendant filed a status report. In that report, Defendant represented that on November 28, 2023 and December 15, 2023 Defendant contacted Plaintiff regarding the still-outstanding discovery requests. However, Plaintiff never provided any responses.  Defendant also represented that, during a telephone conversation, Plaintiff confirmed receipt of Defendant's letter dated November 28, 2023 and advised that he was in the process of retaining new counsel.  Furthermore, Defendant represented that a copy of the status report was sent to Plaintiff via email and via U.S. mail to Plaintiff's address.  Finally, Defendant requested that the Court grant its previously-filed motion to dismiss.  (ECF Nos. 32, 32-7, 32-8, 32-9).

On December 28, 2023, the Court issued a third order, in which the Court again admonished Plaintiff that further delay in prosecuting his case would likely lead to adverse consequences.  In particular, the Court reminded Plaintiff of his discovery obligations, and that any failure to retain counsel or otherwise move forward with  his case could result in dismissal. The Court also ordered Plaintiff to respond to Defendant's status report by no later than January 26, 2024.  The Clerk of the Court sent to the Plaintiff, via certified mail, a copy of the order.  (ECF No. 33).  To date, the Plaintiff has not filed a response to the December 2023 order.

On January 30, 2024, the Defendant filed a renewed motion to dismiss.  In that motion, Defendant contended that "[b]ased on the reasons set forth in Defendant's initial Motion to Dismiss and because of Plaintiff's flagrant violations of this Court's Orders and rules, [Plaintiff's] case should be dismissed with prejudice."  (ECF No. 34, p. 2).

On April 3, 2024, the Court issued a fourth order directing the Plaintiff to file a response to the Defendant's renewed motion to dismiss by no later than May 3, 2024.  (ECF No. 36).

Because more than sixty (60) days had passed since the issuance of the Court's last order, the Court again admonished Plaintiff that his failure to abide by this third order—in addition to his failure to abide by the Court's prior orders may result in the dismissal of his case **with prejudice**." (*Id.*)(emphasis in original).  The Clerk of the Court sent to the Plaintiff, via certified mail, a copy of the fourth order.  (*Id.*).  To date, the Plaintiff has not filed a response to the April 2024 order.

On May 14, 2024, Defendant filed a second renewed motion to dismiss.  In the motion, Defendant asserted that "[b]ased on the reasons set forth in Defendant's initial Motion to Dismiss and because of Plaintiff's flagrant and continuing violations of this Court's Orders and rules, his case should be dismissed with prejudice."  (ECF No. 37, p. 2).  On May 15, 2024, the Clerk of the Court mailed a notice to Plaintiff that a motion to dismiss had been filed.  (ECF No. 38).  To date, the Plaintiff has not filed a response.

## II.    DISCUSSION

Pursuant to Fed. R. Civ. P. 37, a trial court possesses the authority to dismiss a case in which a party fails to comply with a discovery order.  Specifically, if a party "fails to obey an order to provide or permit discovery, a court may dismiss "[an] action or proceeding in whole or part." Fed. R. Civ. P. ("Rule") 37(b)(2)(A)(v).

A court also possesses authority to dismiss a case pursuant to Rule 37(d) and Rule 41(b). Rule 37(d) provides that a court may impose sanctions against a party who: (a) "fails, after being served with proper notice, to appear for [his] deposition;" and (b) "after being properly served with interrogatories under Rule 33 or  requests for [production of documents] under Rule 34, fails to serve its answers, objections, or written response.  *See* Rule 37(d)(1)(A)(i),(ii); Rule 37(d)(3).  Per Rule 41, a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order."  Rule 41(b).  Thus, if a *pro se* plaintiff fails to

comply with procedural requirements governing discovery or a court's order, a court may grant an involuntary dismissal. *See, e.g., Middlebrooks v. Sebelius*, Civ. No. PJM 04-2792, 2009 WL 2514111, at *1 (D. Md. Aug. 13, 2009) (*pro se* plaintiff's case dismissed after she failed to: (a) appear for properly-noticed depositions; (b) supplement interrogatories; and (c) "file a status report despite the court's directives that she do so").

All three of these Rules of Civil Procedure form part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 62 (1991).

In addition, a court should only dismiss a case with prejudice in the most "egregious [of] cases," namely "where the party's noncompliance represents bad faith and callous disregard for the authority of the [court] and the Rules." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

With these concepts in mind, before ordering dismissal under Rule 37(b) or Rule 37(d) due to a discovery violation, a court must analyze four factors:

> (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.

*Belk v. Charlotte Mecklenberg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

If a court chooses to dismiss a case under Fed. R. Civ. P. 41(b), it must analyze:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990).

Defendant advanced four arguments in support of its Motions to Dismiss: (a) that Plaintiff's failure to respond to its discovery requests and appear for his deposition demonstrate bad faith; (b) Defendant has been prejudiced it because it "cannot possibly defend itself when Plaintiff will not provide even the most basic information regarding his claims;" (c) the Court should consequence Plaintiff's non-compliant behavior; and (d) Plaintiff's conduct clearly demonstrates that he does not want to prosecute his case, which means that dismissal is the only appropriate sanction. Analyzing Rules 37 and 41(b) and the caselaw related thereto, the Court agrees with Defendant that dismissal is the appropriate sanction.

Under both tests, the caselaw requires the Court to first evaluate whether Plaintiff acted in bad faith or failed to demonstrate personal responsibility by failing to provide discovery. *Belk,* 269 F.3d at 348; *Hillig,* 916 F.3d at 174. Here, Plaintiff commenced this action almost 21 months ago. While it is true that Plaintiff timely filed a response in opposition to Defendant's initial motion to dismiss, he has otherwise failed to respond to Defendant's discovery requests. The record reflects that the last date that Plaintiff participated in this case was before December 7, 2023, (*see* ECF No. 32-8), approximately 7 months ago. If a party fails to respond to interrogatory requests, dismissal is appropriate. *Green v. Chatillon & Sons,* 188 F.R.D. 422, 424 (M.D. N.C. 1998)(*citing Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 643 (1976)). Relatedly, if a party fails to comply with a court's discovery orders, bad faith is presumed. *Id.* Here, Plaintiff has failed to respond to-- and ultimately failed to comply with-- at least four court orders requiring him to participate in the discovery process. Accordingly, the Court finds that Plaintiff has acted in bad faith. *See Doggett v. City of Hyattsville, Md.*, TDC-13-3889, 2014 WL 6471748, at *3 (D. Md. Nov. 17, 2014)(bad faith found when plaintiff "repeatedly refused to participate in a lawsuit that he himself initiated").

Next, under the second prong Rule 37 and Rule 41(b) tests, the court analyzes whether there is any prejudice to Defendant.  More than eleven months ago, Defendant attempted to depose Plaintiff to aid it in mounting a defense.  In addition, more than fifteen months has elapsed since Defendant served Plaintiff with requests for production of documents and interrogatory requests. Moreover, Plaintiff has repeatedly ignored at least four orders to participate in discovery. Plaintiff's non-responsiveness has precluded Defendant from obtaining "information from the opposing party. . . which in many cases is not otherwise available." *Middlebrooks*, 2009 WL 2514111, at *3. Plaintiff's failure to participate in discovery has clearly prejudiced Defendant. *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998).

The Court now analyzes the third factor under *Hillig*  and *Belk*, namely, Plaintiff's history of proceeding in a dilatory fashion and the need to deter his non-compliance.  As held above, for more than one year, Plaintiff has failed to respond to the discovery requests.  In addition, Plaintiff has ignored no fewer than five orders issued by the Court and its Clerk.  Thus, the Court infers that Plaintiff is unlikely to respond to the outstanding discovery requests or this Court's order.  The law is clear that when a party "stall[s] and ignor[es] direct orders of the court," the court must deter recalcitrant conduct. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.3d at 93.

The last factor to consider under *Hillig and Belk* is whether an alternative to dismissal exists.  Plaintiff commenced this action almost twenty-one months ago, and his last filing in this case was in October 2023, approximately nine months ago.  He has clearly failed to prosecute his case.  In addition, Plaintiff's failure to respond to the discovery requests and failure to abide by the Court's orders lead the Court to believe that this is one of those "egregious cases" where a party's non-compliance merits dismissal.  Indeed, courts in this district routinely dismiss cases

involving a non-participating plaintiff. *See Middlebrooks*, 2009 WL 2514111, at *1; *Hughley v. Leggett*, DKC-11-3100, 2013 WL 3353746 at *2 (D. Md. July 2, 2013) (Dismissal ordered where plaintiff initiated suit and then "utterly fail[ed] to participate in discovery or otherwise respond"); *see also, e.g.*, *Trung Vien v. Walker*, PJM-12-1796, 2014 WL 900803, at *1 (D. Md. Mar. 5, 2014); *Adams v. Md. Mgmt. Co.*, WDQ-11-2408, 2013 WL 142074, at *3 (D. Md. Jan. 10, 2013); *Robertson v. Deco Sec., Inc.*, WDQ-09-3093, 2010 WL 3781951, at *1 (D. Md. Sept. 22, 2010).

Finally, before dismissing a case with prejudice, "a court must give the noncomplying party a[n] 'explicit and clear' warning of the consequences of failing to satisfy the court's conditions and orders." *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007) (citations omitted). Because this Court has repeatedly and explicitly warned Plaintiff that his non-compliance with its orders could lead to dismissal, this Court will dismiss Plaintiff's Complaint with prejudice. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(explicit warning from a court is a "critical fact" in deciding whether dismissal for failure to prosecute or abide by a court order is appropriate).

## III.    CONCLUSION

In sum in light of the foregoing, the Court **GRANTS** Defendant's Motions to Dismiss, (ECF Nos. 34, 37), and dismisses **with prejudice** all of Plaintiff's claims.

The Clerk of the Court is directed to **CLOSE** this case.

Dated: July 10, 2024                          _____/s/_____
                                              The Honorable Gina L. Simms
                                              United States Magistrate Judge